Edward L. Gerson City Attorney Punta Gorda
QUESTION:
Does the City of Punta Gorda have the authority to create a special taxing district for canal and seawall maintenance under the provisions of s. 165.041(2)?
SUMMARY:
A municipality may not by ordinance create a special district pursuant to the provisions of s. 165.041(2), F. S., and confer upon such district the power to levy ad valorem taxes within the district.
You state that the City of Punta Gorda contemplates the creation of a special taxing district in those areas of the city in which canals are located, in order that `property owners whose lands adjoin the canals can be taxed for their maintenance.' You question whether such a special taxing district may be created by municipal ordinance, or whether such a special taxing district must be created by act of the Legislature.
Your question relates to the Formation of Local Governments Act, Ch. 165, F. S. By the provisions of that act, the exclusive procedure under general law for forming or dissolving special districts in this state — except in certain charter counties — is established, and preexisting conflicting general or special laws are preempted or superseded. Section 165.022, F. S. Section165.041(2), F. S., provides:
 A charter for creation of a special district shall be adopted only by special act of the legislature or by ordinance of a
county or municipal governing body having jurisdiction over the area affected. (Emphasis supplied.)
A special district, however created, is not by that mere act or fact itself, or by the effect of that act or fact, a specialtaxing district. The levying of ad valorem taxes by a special district and the millage rate of such taxes must be authorized by law. The millage authorized by law must be approved by vote of the electors of the district, pursuant to constitutional requirements.Cf. s. 125.01(5)(a) and (c), F. S., relating to the establishment of certain special districts by county ordinance and the levying of ad valorem taxes therein. Section 1(a), Art. VII, State Const., provides in pertinent part: `No tax shall be levied except inpursuance of law.' (Emphasis supplied.) Section 9(a), Art. VII, State Const., provides as follows:
 Counties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution. (Emphasis supplied.)
Section 9(b) Art. VII, State Const., provides, inter alia, that
 [a]d valorem taxes . . . shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: . . . for . . . special districts a millage authorized by law approved by vote of the electors. . . . (Emphasis supplied.)
Unless a special district has been authorized by general or special law to levy ad valorem taxes, it possesses no ad valorem taxing power. Any ad valorem tax millage authorized by law must be approved by vote of the electors of the district, in order to comport with the constitutional requirements set forth above. Cf. AGO 075-24, holding in material part that a special fire district funded by ad valorem taxes can be established by noncharter county ordinance subject to varying conditions imposed by certain governing statutes and constitutional provisions, and subject to referendum approval of the lawful rate of ad valorem taxes to be levied by such district; AGO 074-58, concluding that water management districts established under Ch. 79-299, Laws of Florida, as amended, were authorized by law to levy ad valorem taxes upon approval by vote of the affected electors of such districts.
Section 165.041(2), supra, does not by its terms confer any ad valorem taxing powers upon any special district which may be created by municipal ordinance under its provisions, and I am unaware of any general law authorizing such taxing power to be exercised by any such special district. While s. 166.211(1), F. S., authorizes municipalities to levy ad valorem taxes, it does not purport to empower any special district created by municipal ordinance pursuant to s. 165.041(2) to levy such taxes within the district so created. Cf. ss. 163.603(1), 163.611(4), and 163.623(3), F. S., relating to the creation of community districts pursuant to part V of Ch. 163, F. S., for the special purposes prescribed therein and the levying of ad valorem taxes by such districts, subject to referendum by the electors of such districts where required by the State Constitution. I am therefore of the opinion that, unless and until a special district created pursuant to the provisions of s. 165.041(2) is authorized by general or special law to levy ad valorem taxes, such a special district possesses no ad valorem taxing power.
Your question is answered in the negative; the City of Punta Gorda may not by ordinance create a special district under s.165.041(2), F. S., and thereby confer upon it the power to levy ad valorem taxes within such district.
Prepared by: Dennis J. Wall, Assistant Attorney General